24CA1431 Peo in Interest of Martinez-Wong 10-24-2024

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA1431
Pueblo County District Court No. 24MH30058
Honorable Timothy O'Shea, Judge

The People of the State of Colorado,

Petitioner-Appellee,

In the Interest of

Anthony Raul Martinez-Wong,

Respondent-Appellant.

ORDER AFFIRMED

Division III
Opinion by JUDGE NAVARRO
Dunn and Gomez, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced October 24, 2024

Cynthia Mitchell, County Attorney, Kate H. Shafer, Special Assistant County
Attorney, Pueblo, Colorado, for Petitioner-Appellee

Tezak Law, P.C., Mary Tezak, Florence, Colorado, for Respondent-Appellant

¶ 1    Respondent, Anthony Raul Martinez-Wong, appeals the district court's order authorizing the involuntary administration of antipsychotic medication for the purpose of restoring him to competency to stand trial in a criminal case. We affirm.

## I.    Background

¶ 2    Martinez-Wong was charged with multiple felonies (across multiple cases) and found incompetent to stand trial. He was ordered to undergo competency restoration and has been receiving inpatient treatment at the Colorado Mental Health Hospital in Pueblo (CMHHIP) since his admission in August 2023.

¶ 3    At CMHHIP, Martinez-Wong was diagnosed with schizophrenia, which causes him to exhibit paranoia, multiple delusions, and disorganized thinking. He has consistently refused to take antipsychotic medication and has failed six competency evaluations.

¶ 4    Almost a year after his admission to CMHHIP, the People petitioned the district court to authorize the involuntary administration of antipsychotic medication to restore Martinez-Wong to competency. After a hearing, the court held that the People had satisfied all four factors required by *Sell v. United States*,

539 U.S. 166 (2003), for the involuntary administration of medication to restore a person's competency. Therefore, the court granted the petition and authorized the involuntary administration of the requested medication, Zyprexa (olanzapine).

## II.    Sufficiency of the Evidence

¶ 5    Martinez-Wong argues that the evidence presented at the hearing was insufficient to support the involuntary medication order. While he concedes that sufficient evidence supports the first, third, and fourth factors set forth in *Sell*, he says the evidence did not support the second factor. We disagree.

### A.    Standard of Review

¶ 6    Divisions of our court have divided about the appropriate standard of review for application of the *Sell* factors. *Compare People in Interest of Hardesty*, 2014 COA 138, ¶¶ 15-17 (identifying eight *Sell* factors and applying a mixed question review to the first factor, de novo review to the second factor, and clear error review to the remaining six factors), *with People in Interest of R.F.*, 2019 COA 110, ¶ 21 (identifying four *Sell* factors and applying de novo review to the first factor and clear error review for the remaining three factors); *see also People in Interest of Joergensen*, 2022 COA 126,

¶¶ 11-12 (noting that there are "four [*Sell*] elements" and stating that "[t]he resolution of a *Sell* motion presents a mixed question of fact and law").

¶ 7 We agree with the division's reasoning in *R.F.* and review the district court's factual findings concerning the second *Sell* factor for clear error.[1] Clear error review means we will not disturb a court's factual findings if there is any evidence in the record to support them. *Woodbridge Condo. Ass'n, Inc. v. Lo Viento Blanco, LLC*, 2020 COA 34, ¶ 24.

### B. Applicable Law

¶ 8 As noted, the United States Supreme Court has established a four-part test for determining when a state may involuntarily administer antipsychotic medication to restore a defendant's competency in a criminal proceeding. *See Sell*, 539 U.S. at 180-81; *see also R.F.*, ¶ 21. The People bear the burden of proving each part by clear and convincing evidence. *R.F.*, ¶ 16.

¶ 9 First, there must be important governmental interests at stake. *Sell*, 539 U.S. at 180; *R.F.*, ¶ 12. Bringing to trial a person

---

[1] We see no need to rely on the Tenth Circuit cases cited by the parties.

3

accused of a serious crime is an important governmental interest. *Sell*, 539 U.S. at 180; *R.F.*, ¶ 12.

¶ 10    Second, administering involuntary medication must significantly further those interests. *Sell*, 539 U.S. at 181; *R.F.*, ¶ 13. The state satisfies this factor by showing that (1) administering the medication is substantially likely to restore the defendant's competency and (2) the medication is substantially unlikely to have side effects that will interfere with the defendant's ability to assist in the defense. *Sell*, 539 U.S. at 181; *R.F.*, ¶ 13.

¶ 11    Third, the medication must be necessary to further the government's interests. *Sell*, 539 U.S. at 181; *R.F.*, ¶ 14. The state satisfies this factor by showing that (1) any less intrusive treatment alternatives are unlikely to achieve substantially the same results and (2) less intrusive means for administering the medication were considered. *Sell*, 539 U.S. at 181; *R.F.*, ¶ 14.

¶ 12    Fourth, administering the medication must be medically appropriate. *Sell*, 539 U.S. at 181; *R.F.*, ¶ 15.

## C.    Analysis

¶ 13    Martinez-Wong asserts that there was insufficient evidence to establish the second *Sell* element — that is, that the involuntary

administration of the requested medication would significantly further the state's interest in prosecuting him. In particular, he contests the district court's finding that the proposed treatment plan is substantially unlikely to have side effects that will interfere with his ability to assist in his defense.[2]

¶ 14 Martinez-Wong suffers from lupus, which he testified "interfere[s] with [his] normal way of thinking." On appeal, he argues that, although the testifying psychiatrist was an expert in the field of psychiatry, the psychiatrist was "admittedly not an expert in lupus" and, therefore, the psychiatrist's testimony was insufficient to establish that the combination of Zyprexa and lupus would be substantially unlikely to interfere with Martinez-Wong's ability to consult with his attorney.

¶ 15 True, the psychiatrist testified that he was not an expert in lupus. But he was able to explain the symptoms of the condition, and he opined that Martinez-Wong's underlying medical problems

---

[2] To the extent Martinez-Wong argues in his reply brief that the evidence was insufficient to prove that the proposed treatment was substantially likely to restore his competency, we do not consider the argument on the merits because we do not address issues raised for the first time in a reply brief. *See People v. Montante*, 2015 COA 40, ¶ 58 n.4.

would "not be affected" by treatment with Zyprexa. In support of his opinion, the psychiatrist explained that he reviewed Martinez-Wong's medical records and "they do not suggest in any way that treatment with an antipsychotic medication, specifically Zyprexa, would negatively impact [Martinez-Wong's] current medical problems." Moreover, the psychiatrist testified that treatment with Zyprexa would not interfere with Martinez-Wong's ability to understand and participate in his criminal proceedings; rather, "it would improve it." Further, the psychiatrist testified that the failure to medicate Martinez-Wong would be more harmful than the risk posed by the use of Zyprexa because it would "lead to persistent psychotic symptoms and continued psychiatric hospitalization" as well as a failure to restore him to competency.

¶ 16    Based on this testimony, the district court found that administering Zyprexa would significantly further the important governmental interests at stake. The court further found that "administering Zyprexa is substantially unlikely to have side effects that will interfere significantly with [Martinez-Wong's] ability to assist his counsel in conducting a trial defense, which would thereby render the trial unfair." Finally, the court found that

6

treatment with "Zyprexa is medically appropriate" and "in [Martinez-Wong's] best medical interest . . . in light of his medical condition of lupus."

¶ 17 Because the record supplies factual support for the district court's findings, they are not clearly erroneous. Accordingly, we must uphold the court's finding that the People met their burden to establish by clear and convincing evidence the second *Sell* factor.

### III. Conclusion

¶ 18 The order is affirmed.

JUDGE DUNN and JUDGE GOMEZ concur.